UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN KADONSKY,

    Plaintiff,

v.

BRIAN KOCH, et al.,

    Defendants.

Civil Action No. 14-8105 (MAS) (LHG)

**MEMORANDUM AND ORDER**

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Steven Kadonsky pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated by Defendants. The Court previously screened the Second Amended Complaint, and determined that Plaintiff's retaliation claims, alleging he was retaliated against for providing legal assistance to other inmates, were foreclosed by *Shaw v. Murphy*, 532 U.S. 223, 225 (2001). The Court also dismissed Defendants New Jersey Department of Corrections ("NJDOC") and Office of the Attorney General, and all state law claims. (Order 6, July 1, 2016, ECF No. 16) ("Prior Order"). The Court afforded Plaintiff a chance to amend to cure the defects identified by the Court. (*Id.*) Presently before the Court is Plaintiff's Third Amended Complaint ("TAC"), (ECF No. 20.), as well as his motion for reconsideration regarding the retaliation claims, (ECF No. 20). It appearing:

1. The Court has screened the TAC pursuant to 28 U.S.C. § 1915, and reinstates Plaintiff's state law claims. The Court previously dismissed all state law claims because Plaintiff had failed to demonstrate that he filed notices of claims against Defendants, a jurisdictional requirement under New Jersey law. (*See* Prior Order 5.) In the TAC, Plaintiff provides detailed evidence of having filed such notices. (*See* Am. Compl. 179-202.) As such, the Court revives these claims, and NJDOC is reinstated as a defendant under the doctrine of vicarious liability. *See Scott-Neal*

*ex rel. Scott v. N.J. State Dep't of Corr.*, 366 N.J. Super. 570, 576-77 (App. Div. 2004). The Court notes that as it held in the Prior Order, all federal claims against NJDOC remain dismissed due to Eleventh Amendment immunity. (*See* Prior Order 4.)

2. With regard to the retaliation claims, Plaintiff asks the Court to reconsider its prior ruling that they are not cognizable under *Shaw*.[1] In support, Plaintiff cites to two Eleventh Circuit cases, holding that his retaliation claims can be construed as claims under his First Amendment right to political association. *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009); *Adams v. James*, 784 F.2d 1077, 1081 (11th Cir. 1986). As the *Adams* court explained:

> Litigation undertaken in good faith by a prisoner motivated to bring about social change and protect constitutional rights in the prison is a "form of political expression" and "political association" much as the Supreme Court has held litigation to be for certain organizations outside the prison setting. A properly stated first amendment claim by an inmate does not fail simply because the allegedly protected activities were conducted on behalf of others. The right of free expression is cherished for its force as an agent of social change and not only as a right of self-interested individuals.

784 F.2d at 1081 (citations omitted).

3. This Court declines to follow the rationale of the *Taylor* and *Adams* courts. As the Supreme Court noted in *Shaw*, although there is no First Amendment right to provide legal assistance, an

---

[1] A motion for reconsideration of a final judgment is governed in this District by Local Civil Rule 7.1(i). *Treusch v. Center Square Supermarket, LLC*, No. 11-4874, 2013 WL 1405031, at *3 (D.N.J. Apr. 5, 2013). Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *Id.* at 78.

inmate providing legal assistance does not *lose* existing constitutional protections he already has. *See Shaw*, 532 U.S. at 232-33 (Ginsburg, J., concurring). Therefore, any alleged retaliatory actions taken by Defendants would be subject to other constitutional protections, which, as the Court made clear in the Prior Order, it is construing the pleadings as raising just such claims. (*See* Prior Order 2-3.) To the extent such retaliatory actions may have a chilling effect on an inmate's ability to file lawsuits due to the loss of a competent legal aid, said inmate, whose legal rights were actually affected, already has standing to assert a claim that her right of access to the courts under the First Amendment was infringed upon. *See Johnson v. Avery*, 393 U.S. 483, 490 (1969). In other words, the inmates Plaintiff was assisting may have legal claims against Defendants, if their own lawsuits were materially affected by Defendants' alleged actions, but Plaintiff himself has no independent claim—implicit in *Shaw* is the recognition that existing constitutional protections are already adequate to safeguard against any such actions by a prison official. The Court sees no reason to adopt the *Taylor* and *Adams* courts' expansion of First Amendment rights in light of *Shaw*. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1247 (9th Cir. 2013) (declining to recognize a prisoner's right to provide legal assistance under the political association doctrine in light of *Shaw*). Accordingly, the motion for reconsideration is denied.

IT IS therefore on this __22nd__ day of __August__, 2016,

ORDERED that New Jersey Department of Corrections is hereby **REINSTATED** as a defendant in this case; it is further

ORDERED that the state law claims in the Third Amended Complaint are permitted to proceed; it is further

ORDERED that Plaintiff's motion for reconsideration, ECF No. 20, is hereby **DENIED**; it is further

3

**ORDERED** that the United States Marshal shall serve summons, the Third Amended Complaint, the July 1, 2016 Order, ECF No. 16, and this Order upon Defendants, with all costs of service advanced by the United States[2]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer to the Third Amended Complaint, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff files an amended complaint, or seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the filing by regular mail upon each party at his last known address and (2) file a Certificate of Service;[3] and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Michael A. Shipp, U.S.D.J.

---

[2] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[3] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.